**UNITED STATES ex rel. BARONE v. CURRAN, Immigration Commissioner.**

(Circuit Court of Appeals, Second Circuit. May 4, 1925.)

**No. 302.**

**1. Aliens ⬯40 — Amendment to Basic Quota Act held not to repeal section specifying excluded persons.**

Basic Quota Act Feb. 5, 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), specifying persons excluded from admission to the United States, was not repealed by Amendment of May 19, 1921, § 2 (Comp. St. Ann. Supp. 1923, § 4289½a), which applies only to preference where quota is exceeded, but both are operative, in view of section 4 of latter act (section 4289½c).

**2. Aliens ⬯51½, New, vol. 16A Key-No. Series—Boy under 18, who could not read, properly excluded, though father was American citizen.**

Alien under 18, who could not read, held properly excluded under Basic Quota Act Feb. 5, 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), though his father was an American citizen, notwithstanding Amendment of May 19, 1921, § 2(a) (Comp. St. Ann. Supp. 1923, § 4289½a), which has reference solely to aliens otherwise admissible under Immigration Act, who should be excluded from count in determining percentage quota.

Appeal from the District Court of the United States for the Eastern District of New York.

Habeas corpus by the United States, on the relation of Gaetano Barone, directed to Henry H. Curran, as Commissioner of Immigration. From an order sustaining the writ and discharging the relator, the commissioner appeals. Reversed.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (William A. De Groot, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellant.

John M. Lyons, of New York City, for appellee.

Before ROGERS, MANTON, and HAND, Circuit Judges.

MANTON, Circuit Judge. The appellee, born January 17, 1907, in Italy, unmarried and a laborer, who had never been in the United States before, arrived at the port of New York seeking admission. He was excluded by the board of special inquiry because, after a test, it was found that he was unable to read. After an unsuccessful appeal to the Commissioner of Labor, he sued out this writ of habeas corpus, and the district judge sustained the writ, holding that he was entitled to admission. The court below held that this alien, under 18 years of age, who was said to be a child of a citizen, was excepted from the exclusion law. Section 3 (Basic Quota Act) of Act Feb. 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), provides that the following persons shall be excluded from admission to the United States:

"All aliens over sixteen years of age, physically capable of reading, who cannot read the English language, or some other language or dialect, including Hebrew or Yiddish: Provided, that any admissible alien, or any alien heretofore or hereafter legally admitted, or any citizen of the United States, may bring in or send for his father or grandfather over fifty-five years of age, his wife, his mother, his grandmother, or his unmarried or widowed daughter, if otherwise admissible, whether such relative can. read or not; and such relative shall be permitted to enter. * * * *"

[1, 2] This act was amended on May 19, 1921, and section 2 (a) thereof provides as follows:

"That the number of aliens of any nationality who may be admitted under the immigration laws to the United States in any fiscal year shall be limited to 3 per centum of the number of foreign-born persons of such nationality resident in the United States as determined by the United States census of 1910. This provision shall not apply to the following, and they shall not be counted in reckoning any of the percentage limits provided in this act: * * * (8) aliens under the age of eighteen who are children of citizens of the United States." Comp. St. Ann. Supp. 1923, § 4289½a.

This amendment does not repeal section 3 of the act of 1917, which is still operative.

Comm. of Immigration v. Gottlieb, 265 U. S. 310, 44 S. Ct. 528, 68 L. Ed. 1031. Section 2, above quoted, has reference solely to the class of aliens otherwise admissible under the Immigration Act, who shall be excluded from the count in determining the percentage quota of aliens admissible from any of the other nationals. The Quota Act does not add to the Immigration Act the class of aliens to be admitted, but, on the contrary, it designates a class to be excluded; that is, those who come in excess of the quota from their particular nationals. Section 2 (a) enumerates those who shall not be counted in reckoning any of the percentage limits provided in the act, and section 2 (d) enumerates those aliens who, if otherwise admissible, may be admitted in excess of the quota provided that such aliens shall be counted in the event of their arrival before the maximum of the quota of their nationality is reached, "unless excluded by subdivision (a) from being counted." Subdivision (d) provides "that in the enforcement of this act preference shall be given so far as possible to the wives, parents, brothers, sisters, children under eighteen years of age, and fiancees, (1) of citizens of the United States," etc. Children under 18 years of age, of citizens and of aliens in the United States who have applied for citizenship, and of persons eligible to United States citizenship, who served in the military or naval forces of the United States, are to be excluded or have preference in reckoning percentage limitations under the Quota Act. The act of 1921 does not place any limitation upon educational qualifications, but it is in pari materia with Act Feb. 5, 1917, and must be read together as constituting one law. No part of the previously existing law upon the same subject is to be regarded as inoperative unless no other construction of the later legislation is reasonable. United States v. Munday, 222 U. S. 175, 32 S. Ct. 53, 56 L. Ed. 149. Section 4 of the act of 1921 (Comp. St. Ann. Supp. 1923, § 4289½c) provides "that the provisions of this act are in addition to and not in substitution for the provisions of the immigration laws." Section 3 of the act of 1917 forbids the relator's entry, for he is upwards of 16 years of age and physically capable but not able to read.

The test given the appellee was fair, and the conclusion of the board is amply supported by the proof. The writ should have been dismissed.

Order reversed.